A CERTIFIED TRUE COPY
ATTEST

By April Layne on Aug 13, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 13, 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: BISPHENOL-A (BPA) POLYCARBONATE
PLASTIC PRODUCTS LIABILITY LITIGATION

MDL No. 1967

**TRANSFER ORDER**

**Before the entire Panel**: Plaintiffs in four actions have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Northern District of Illinois. Most responding parties agree that centralization is appropriate and variously support one or more of the following suggested transferee districts: the Northern District of Illinois, the Central District of California, the Western District of Missouri, or the District of Kansas.[1]

This litigation currently consists of fourteen actions listed on Schedule A and pending in eight districts as follows: four actions in the Central District of California; two actions each in the Eastern District of California, the Western District of Missouri, and the Western District of Washington; and one action each in the Eastern District of Arkansas, the District of Connecticut, the Northern District of Illinois, and the District of Kansas.[2]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Western District of Missouri will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that various defendants manufactured, sold or distributed polycarbonate plastic bottle products containing Bisphenol-A without disclosing its possible harmful effects. Centralization under Section 1407 will

---

[1] Abbott Laboratories, Inc. (Abbott Labs), and Mead Johnson & Company (Mead Johnson), defendants in three Central District of California potentially related actions, oppose inclusion of their actions in the MDL proceedings, as does plaintiff in one action involving Mead Johnson. Plaintiff in the action involving Abbott Labs supports inclusion of its action in the MDL proceedings. These actions will be treated as potential tag-along actions, and any opposition to their inclusion in the MDL will be considered in due course. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] The Panel has been notified that nine additional related actions have been filed: three actions in the Central District of California, and one action each in the Eastern District of Arkansas, the Northern District of Illinois, the District of Kansas, the Western District of Missouri, the Southern District of Ohio, and the Western District of Washington. These actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., id.

I HEREBY ATTEST AND CERTIFY ON 8/24/08 THAT THE FOREGOING DOCUMENT IS A FULL TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE AND IN MY LEGAL CUSTODY.

P. L. BRUNE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
BY_____ DEPUTY

-2-

eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Each one of the suggested districts has the attributes of an appropriate transferee court. On balance, we are persuaded to designate the Western District of Missouri as the transferee forum for this litigation. Several actions are pending in the Kansas City area, at least one defendant is headquartered there, this district is favored by several plaintiffs as well as defendants, and Judge Ortrie D. Smith has the time and experience to prudently steer this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Western District of Missouri are transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable Ortrie D. Smith for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

J. Frederick Motz         Robert L. Miller, Jr.
Kathryn H. Vratil         David R. Hansen

IN RE: BISPHENOL-A (BPA) POLYCARBONATE
PLASTIC PRODUCTS LIABILITY LITIGATION     MDL No. 1967

## SCHEDULE A

| | WDMO Case Number |
|---|---|
| <u>Eastern District of Arkansas</u> | |
| Dale L. Raggio, Jr. v. Gerber Products Co., C.A. No. 4:08-403 | 08cv609 |
| <u>Central District of California</u> | |
| Naayda Lanza v. Avent America, Inc., C.A. No. 2:08-2960 | 08cv610 |
| Paul Rasmussen v. Handi-Craft Co., C.A. No. 2:08-2961 | 08cv611 |
| Leeanne Matusek v. Gerber Products Co., C.A. No. 2:08-2962 | 08cv612 |
| Kim O'Neill v. Evenflo Co., Inc., C.A. No. 2:08-2963 | 08cv613 |
| <u>Eastern District of California</u> | |
| Lani Felix-Lozano v. Nalge Nunc International Corp., C.A. No. 2:08-854 | 08cv614 |
| Judith Thompson-Foster v. Gerber Products Co., et al., C.A. No. 2:08-1073 | 08cv615 |
| <u>District of Connecticut</u> | |
| Ashley Campbell v. Playtex Products, Inc., C.A. No. 3:08-763 | 08cv616 |
| <u>Northern District of Illinois</u> | |
| Elizabeth Banse v. Avent America, Inc., C.A. No. 1:08-2604 | 08cv617 |
| <u>District of Kansas</u> | |
| Zachary Wilson, et al. v. Avent America, Inc., et al., C.A. No. 2:08-2201 | 08cv618 |
| <u>Western District of Missouri</u> | |
| Maria Sullivan, et al. v. Avent America, Inc., et al., C.A. No. 4:08-309 | |
| Sharon Hatter v. New Wave Enviro Products, C.A. No. 6:08-3154 | |
| <u>Western District of Washington</u> | |
| Sarah Jaynes, et al. v. Avent America, Inc., et al., C.A. No. 2:08-693 | 08cv619 |
| Chloe Gale, et al. v. RC2 Corp., et al., C.A. No. 2:08-702 | 08cv620 |